UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

FRED GEORGE LABANKOFF,　　　　　　　　　　　　No. 09-10970

　　　　　　　　　　　　Debtor(s).
_____/

FRED GEORGE LABANKOFF, et al.,

　　　　　　　　　　　　Plaintiff(s),

　　　　v.　　　　　　　　　　　　　　　　　　A.P. No. 09-1048

GMAC, et al.,

　　　　　　　　　　　　Defendant(s).
_____/

Memorandum on Motion to Dismiss
_____

　　　　The complaint in this matter is largely unintelligible, but enough can be gleaned to understand that it seeks injunctive relief and damages under state and federal law arising out of real estate loan which is now in default.

　　　　The complaint is patently defective in that it fails to comply with Rule 7008(a) of the Federal Rules of Bankruptcy Procedure. That rule requires the plaintiff to state whether the action is core or non-core and, if non-core, whether there is consent for the bankruptcy court to enter a final judgment.

1

The action is classically non-core, in that it arises out of pre-bankruptcy actions, is not based on bankruptcy law, and could have been brought in a non-bankruptcy court. This court's only has jurisdiction by virtue of a *pro se* Chapter 11 case filed by one of the plaintiffs. There is no jurisdiction at all over the claims of the non-debtor plaintiffs.

Plaintiffs attempted to effect service on defendant GMAC by serving its attorney, which is of course not valid service. *In re Villar*, 317 B.R. 88, 93 (9th Cir. BAP 2004). GMAC has filed a motion to dismiss the complaint for failure to state a cognizable legal theory pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. GMAC seeks dismissal with prejudice.

Plaintiffs object to the motion on grounds that GMAC has forfeited its right to defend because its default has been entered. There is no merit to this argument, in that no default has been entered due to plaintiffs' failure to effect valid service.

The court agrees with GMAC that the complaint fails to articulate grounds for relief, and it is painfully obvious that plaintiffs are incapable of presenting a cogent case, but the court cannot say for certain that with the assistance of counsel a claim could not be made. It appears that dismissal pursuant to abstention is more appropriate.

Since this matter is non-core, trial in the bankruptcy court would be pointless since the court would have no power to enter a final judgment even if neither side requested a jury trial.[1] The real choice is whether the case should be tried in district court or state court. The district court can of course hear the case if it wants to, but since the major thrust of the complaint seems to be grounded in state law and since there are non-debtor plaintiffs, the state court seems more appropriate. Accordingly, the court will abstain from hearing this adversary proceeding pursuant to 28 U.S.C §1334(c)(1) and dismiss this adversary proceeding without prejudice.

An appropriate order will be entered.

---

[1] The court presumes plaintiff Labankoff would not consent to the court entering a final judgment since he has tried anything he can think of to remove the undersigned from the case, not even realizing he had the power to do so all along by merely declining consent.

Dated: September 4, 2009

_____
Alan Jaroslovsky
U.S. Bankruptcy Judge

3

| | |
|---|---|
| 1 | CERTIFICATE OF MAILING |
| 2 | The undersigned deputy clerk of the United States Bankruptcy Court for the Northern District of |
| 3 | California hereby certifies that a copy of the attached document was mailed to all parties listed |
| 4 | below as required by the Bankruptcy Code and Rules of Bankruptcy Procedure. |
| 5 | |
| 6 | Dated: Sep 4, 2009 |

*Dawn Passalacqua*
Dawn Passalacqua
Deputy Clerk

Fred George Labankoff
3828 Skyfarm Dr.
Santa Rosa, CA 95403